## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EBRO FOODS, INC., | § | Judge Eugene Wedoff |
| | § | |
| Debtor and Debtor-in-Possession. | § | Case No. 09-10101 |
| | § | |
| G AND G PEPPERS, LLC, | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 09_____ |
| v. | § | |
| | § | |
| EBRO FOODS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT FOR (1) DECLARATORY JUDGMENT THAT CERTAIN ASSETS AND FUNDS IN THE CUSTODY OF THE DEFENDANT ARE OWN AND HELD IN TRUST FOR G AND G PEPPERS, LLC. AND (2) ORDER COMPELLING THE DEBTOR TO TURNOVER SUCH ASSETS**

Plaintiff, G and G Peppers, LLC, ("G & G" or "Plaintiff") hereby files its Complaint for (1) a declaratory judgment that certain assets in the custody of defendant are owned by and held in trust for G & G Peppers, LLC and (2) an order compelling the Debtor to turnover such assets. In support thereof, Plaintiff respectfully shows as follows:

### A. JURISDICTION

1.      Jurisdiction of this matter is conferred on the Court by 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157.

## B. PARTIES

2. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce. At all times relevant herein, Plaintiff was subject to and licensed under the Perishable Agricultural Commodities Act, [7 U.S.C. §499a *et seq.*] ("PACA"). Plaintiff G & G is now, and at all material times was, an Indiana limited liability company, with its principal place of business in Gaston, Indiana. G & G is a shipper of perishable agricultural commodities in interstate and international commerce and is licensed by the United States Department of Agriculture under the PACA.

3. Defendant Ebro Foods, Inc. ("Ebro" or "Defendant") is a manufacturer of food products which include perishable agricultural commodities. At all relevant times, Debtor was licensed by the United States Department of Agriculture as required under PACA.

## COUNT I
### (Breach of Contract against Defendant)

4. Plaintiff realleges and incorporates by reference paragraphs 1 through 3 of this Complaint as though fully set forth in this paragraph 4.

5. Between October 2 - 10, 2007, in a series of transactions, Plaintiff sold, shipped and delivered fresh whole green jalapeno peppers to Defendant Ebro as agreed between the parties. Defendant Ebro however, has not paid the agreed price for these commodities leaving a balance of $42,920.00. True and correct copies of the invoices for these sales are attached hereto as Exhibit "A." Pursuant to Plaintiff's invoices, Plaintiff is entitled to collect a reasonable attorney's fee as part of the sums due and owing to it from Defendant.

2

6. At or about the date of each of the transactions described above, Plaintiff forwarded to Defendant Ebro invoices for each transaction that set forth in detail the amount owed by Defendant Ebro for the produce purchased from G & G.

7. Plaintiff has repeatedly demanded that Defendant Ebro pay the $42,920.00 due and owing under the invoices. Defendant has failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased by Defendant Ebro and no part of the sum due and owing has been paid.

8. Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for the sale of the produce to Defendant.

9. As a direct and proximate result of Defendant's failure to remit payment due to the Plaintiff as described above, Plaintiff has suffered losses in the amount of $42,920.00. Pursuant to the terms of the parties' invoices, Plaintiff is entitled to recover a reasonable attorney's fee for the filing of this action.

## COUNT II
### (Enforcement of PACA Trust)

10. Plaintiff realleges and incorporates by reference paragraphs 1 through 9, inclusive of Count I of this Complaint, as though fully set forth in this paragraph 10.

11. At all times relevant Plaintiff was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

12. The perishable agricultural commodities that are the subject of the First Cause of action were purchased and sold in or in contemplation of interstate and/or foreign commerce.

13. Plaintiff is and was at all times pertinent a licensee under PACA. Pursuant to the regulations promulgated under PACA, Plaintiff placed the following legend on each invoice it sent to Defendants:

> The perishable agricultural commodities listed on this invoice are subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

14. Pursuant to 7 U.S.C §499e(c)(1)-(4) of the PACA, upon delivery of its invoices by Plaintiff to Defendant, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendant's perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

15. Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff has performed and fulfilled all duties required to preserve its respective PACA trust benefits in the total amount of $42,920.00, plus interest and reasonable attorney's fees, in all PACA trust assets under the control of or in the possession of Defendants.

16. Pursuant to the PACA, Defendant is a statutory trustee of the PACA trust assets in its possession or under its control. The assets that constitute the res of the PACA trust include all assets that were obtained from the sale of products into which perishable agricultural commodities were processed. The PACA trust requires the Defendant to hold and preserve all goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Defendant has filed for bankruptcy and Plaintiff thereon alleges that Defendant has failed to maintain the trust assets and keep them available to satisfy Defendant's

obligations to Plaintiff in that Defendant has dissipated PACA trust assets and said trust is insolvent, all in violation of section 499(b)(4) of the PACA and the regulations enforcing the PACA trust provisions, 7 C.F.R. §46.46. Defendant has failed to perform the requirements of these statutory trust provisions, express and implied, and has breached its fiduciary duty to maintain the trust assets, all in violation of section 499(b)(4) of the PACA and the regulations enforcing the PACA trust provisions, express and implied, 7 C.F.R. §46.46.

17. Plaintiff is informed and believes and upon that basis alleges that during all relevant times, Defendant transferred or diverted the trust assets and are continuing to transfer or divert trust assets -- including receivables or proceeds derived from the sale of produce purchased from Plaintiff -- to its own use and/or to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to Plaintiff's interest in all inventories of products derived from perishable agricultural commodities and in any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

18. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of $42,920.00, plus interest and reasonable attorney's fees, all of which qualifies for protection under the PACA trust.

### COUNT III
### (Turnover of PACA Trust Assets)

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18, inclusive of Count II of this Complaint, as though fully set forth in this paragraph 19.

20. Under PACA all unsegregated assets of the Debtor remain subject to the PACA trust which is not part of the estate of the Debtor. Despite repeated demands from the Plaintiff, the Debtor has refused to turnover assets equal to the value of the PACA trust assets held for the Plaintiff. Such property belongs to the Plaintiff and not the debtor.

**WHEREFORE**, Plaintiff requests judgment as follows:

## COUNT 1
## BREACH OF CONTRACT

1. For judgment in favor of Plaintiff and against Defendant in the cumulative amount of at least $42,920.00.

2. For finance charges and/or interest thereon at the rate of 18% per annum from the date the obligation became due and payable to G & G;

3. For an award of reasonable attorneys' fees incurred herein, and for costs; and

4. For such other and further relief as the court may deem just and proper.

## COUNT 2
## ENFORCEMENT OF STATUTORY TRUST PROVISIONS OF PACA

1. For judgment in favor of Plaintiff and against Defendant requiring Defendant to immediately account for and pay PACA trust assets to Plaintiff the sum of $42,920.00, plus costs and attorney's fees;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff G & G until fully paid; and

3. For such other and further relief as the Court may deem just and proper.

## COUNT 3
## TURNOVER OF PACA TRUST ASSETS

1. For judgment in favor of Plaintiff and against Defendant Ebro Foods, Inc. in the amount of $43,220.00, plus costs and interest at the rate of 2.30 per centum per annum from November 1, 2007 until paid, and an award of a reasonable attorneys fee;

2. For such other and further relief as the Court may deem just and proper.

Dated: June 19, 2009.

> Respectfully submitted,
>
> G AND G PEPPERS, LLC
>
> By: /s/ Craig A. Stokes
>     Craig A. Stokes (#0122572)
>     STOKES LAW OFFICE LLP
>     3330 Oakwell Court, Suite 225
>     San Antonio, TX 78218
>     Telephone (210) 804-0011
>     Facsimile (210) 822-2595
>     E-Mail cstokes@stokeslawoffice.com
>
> And
>
> Mary E. Gardner (#6190951)
> Mary E. Gardner, P.C.
> P.O. Box 330
> West Dundee, IL 60118
> Telephone (847) 804-7222