# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC. | ) | Judge Eugene Wedoff |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No. 09-10101 |
| | ) | |
| | ) | |
| G AND G PEPPERS, LLC | ) | |
| | ) | Adversary No. 90 A 500 |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| EBRO FOODS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**G AND G PEPPERS, LLC'S RESPONSE
TO EBRO FOODS, INC.'S MOTION FOR AN EXTENSION TO FILE NOTICE OF
CROSS-APPEAL**

G and G Peppers, LLC, ("G & G") files its response in opposition to Ebro Foods, Inc.'s ("Ebro") Motion for Extension of Time to File Notice of Cross-Appeal. In support of this response, G & G states as follows:

**A. Background**

1. G & G was awarded a USDA reparation award on August 8, 2008. It filed its adversary claim to enforce the award on June 29, 2009.

2. At a hearing on August 4, 2009, the parties stipulated to the setting of a pretrial conference in anticipation of a quick trial on the merits of G & G's claim.

3. Following the Court's hearing on August 25, 2009, the parties stipulated to the filing an expedited discovery period and set the matter for trial on October 7, 2009.

4. The Court held a trial on the matter on October 7, 2009.

5. G & G filed its post-trial brief on October 21, 2009. Ebro filed its brief on the same date. G & G filed its reply brief on November 4, 2009.

6. On February 1, 2010, the Court issued its decision granting Ebro's objection as to G &G's claim status as trust beneficiary under the PACA. The Court further granted G & G's claim for $43,946.60, as a general unsecured creditor and denied G & G's motion for attorney's fees.

7. On February 4, 2010, Ebro petitioned the Court for $33,409.50 in attorney's fees in connection with the adversary proceedings.

8. The Court denied Ebro's petition for attorney's fees on February 9, 2010.

### B. ARGUMENT

Rule 8002 provides that a notice of appeal must be filed, "within 14 days of the date of the entry of the judgment, order, or decree appealed from." The Court's order denying Ebro's petition for attorney's fees was entered on February 9, 2010. Ebro's notice of appeal should therefore have been filed no later than February 23, 2010.

Rule 8002 also provides for an extension for the filing of a notice of appeal upon showing "excusable neglect". Rule 8002 (c)(2) states:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later.

Under Rule 8002, Ebro's filing deadline may be extended to March 15, 2010 upon

2

showing of excusable neglect.  Ebro's motion requesting extension of the filing deadline was filed on March 15th.

The Supreme Court has interpreted the standard for excusable neglect as "an equitable one, taking account of all relevant circumstances surrounding the party's omission." In re United Airlines, Inc., 2009 WL 838164 (7th Cir.) *unrept'd*. citing In re Kmart Corp., 311 B.R. 844, 845-46 (N.D. Ill. 2004);  Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 113 S.Ct. 1489; *see* Prizevoits v. Ind. Bell Tel. Co., 76 F.3d 132, 134 (7th Cir.1996) (concluding that Supreme Court's definition of "excusable neglect" applies "throughout the federal procedural domain"); In re Warrick, 278 B.R. 182, 185-87 (9th Cir. BAP 2002).

### *Ebro's Conduct Does not Constitute "Excusable Neglect"*

Ebro states that the "sole reason" for its failure to timely file its notice of cross-appeal is due an attorney leaving the firm and the date not being properly scheduled on the firm's calendar.  Beyond citing the Rule 8002, Ebro cites no authority or standard supporting its contention that the departure of an attorney and a law firm's calendaring error constitutes "excusable neglect".

Generally, a party's inadvertence, ignorance of the rules, or mistakes construing the rules does not constitute "excusable neglect".  Pioneer 113 S.Ct. at 1489.  In addition, the Seventh Circuit has held that a party's inability or refusal to read and comprehend the plain language of the federal rules can never constitute excusable neglect.  Prizevoits, 76 F.3d at 133; *see also*, In re Plunket, 82 F.3d 738 (7thCir. 1996)(holding that, "[m]issing a filing deadline because of slumber is fatal.").  Ebro's failure to timely file its notice of appeal does not arise from any misinterpretation of the rule or miscommunication with the Court.  Rather, it appears to have

3

missed the deadline due to inattention and is therefore not excusable neglect.

Ebro's assertion that its failure to timely file the notice of appeal is somehow related to the departure of an unnamed attorney who was responsible for the G & G adversary proceeding is also inconsistent with the record. *Motion to Extend Deadline*, ¶ 8. Mr. Forrest Ingram is the only attorney appearing on the Court's docket on behalf of the Debtor. Ebro has not filed a notice of withdrawal of counsel or any other similar pleading involving the change of counsel. Mr. Ingram has represented Ebro in the core bankruptcy proceedings as well as the adversary proceedings involving G & G. By all appearances, Mr. Ingram is still a member of the firm bearing his name. Mr. Ingram received the ECF notice of the G & G appeal on February 15, 2010. See Exhibit "A." This filing was several days before Ebro's February 23rd deadline to file its notice of appeal to the order denying its petition for attorney's fees. In addition, on February 12, 2010, Mr. Ingram filed Ebro's Amended Disclosure Statement as part of its Chapter 11 Plan in the core proceeding. [Core Proceeding, Dkt No. 182] The disclosure specifically identifies the G & G adversary proceeding and the potential appeal. *Id*. p. 9-10. Given Mr. Ingram's ongoing involvement in the Ebro bankruptcy proceedings, Ebro's claim that it was somehow caught unaware of filing deadline due to the departure of an unnamed counsel is inconsistent with record and without merit.

## C. CONCLUSION

Wherefore, for the above-stated reasons, G & G requests that the Court deny Ebro's Motion for Extension to File its Notice of Cross-Appeal.

Dated: March 22, 2010.

                                            Respectfully submitted,

                                                      G AND G PEPPERS, LLC


                                              By:   /s/Craig A. Stokes
                                                        Craig A. Stokes
                                                        STOKES LAW OFFICE LLP
                                                        3330 Oakwell Court, Suite 225
                                                        San Antonio, TX 78218
                                                        E-Mail: cstokes@stokeslawoffice.com
                                                        Telephone (210) 804-0011
                                                        Facsimile (210) 822-2595

Of Counsel:
Mary E. Gardner, Esq.
MARY E. GARDNER, P.C.
P. O. Box 330
West Dundee, Illinois 60118
Tel:  847/804-7222
Fax:  866/400-0235
ARDC # 6190951


## CERTIFICATE OF SERVICE

     I hereby certify that on the 22nd day of March, 2010, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Northern District's Local Rules, and/or the Northern District's Rules on Electronic Service upon the following parties and participants:

                                                          /s/ Craig A. Stokes
                                                          Craig A. Stokes